## NORRIS *vs.* POLLARD *et al.*

REFUSAL OF INJUNCTION, FROM RICHMOND. MORGAN *vs.* POLLARD. COMPLAINT, FROM RICHMOND. Practice in Superior Court. Judgments. Constitutional Law. Principal and Surety. Injunction. Parties. Action. Amendment. Practice in Supreme Court. (Before J. Ganahl and M. P. Carroll, Esqrs, judges pro hac vice.)

[Jackson, C. J., not presiding, because of indisposition.]

Hall, J.—1. Where a suit was brought jointly against two defendants, based on promissory notes which were joint and several on their face, and one of the defendants filed pleas under oath, and the other (as alleged in a bill subsequently filed and admitted by demurrer) in fact was only a surety for the first, and was so known to be by the plaintiff, and labored under a misapprehension, supposing the pleas to have been

filed on behalf of both, and the presiding judge rendered a judgment by default against the latter defendant, before judgment was obtained against the principal, it is at least doubtful whether such judgment was not void under the Constitution. Certainly the surety is liable for no greater amount than is found to be due from the principal; and the course pursued tended to his injury. Code, §§5145, 2149, 2154, 2151.

2. The judgment was, at least, highly irregular. There is no law authorizing separate judgments to be rendered by different tribunals. against different defendants and at different terms, where they are joined in the same action. Code, §3559.

(a) Although the judgment may be void for any cause, such as fraud, accident or mistake, this would not oust chancery of its jurisdiction to set it aside, provided it was not occasioned by the negligence or fault of the complainant. It is so alleged in this case and admitted by demurrer. Code, §3595.

(b) The surety was at least entitled to have the execution of the judgment restrained until the termination of the suit against his principal, his liability being collateral to and commensurate with that of such principal. Code, §2149.

3. The fact that a judge pro hac vice rendered the judgment sought to be enjoined, did not render him competent or authorize him to act in matters arising subsequently to that trial. His power terminated with the end of the trial in which he was authorized to preside. Where an injunction is required, and the judge of the circuit is disqualified from acting. the application for imus it be made to some other judge of the Superior Court, who is qualified, and jurisdiction in that event is conferred upon him to act. Code, §247, sub-sec. 2, §§248, 5147, 250.

4. Where an action was brought in the name of Printup, Brother & Pollard, for the use of William J. Pollard, based upon four promissory notes, two of which were payable to the order of Printup, Brother & Pollard, and the other to William J. Pollard, and it did not appear that the first two notes had been endorsed or assigned by the firm to Pollard, or that the last two had been assigned by Pollard to the firm, such a declaration was demurrable because of a misjoinder of causes of action and the want of parties as to two of the notes sued on. 12 Ga., 139.

5. Such a declaration could not be amended by striking from it the words "Printup, Brother & Pollard, for the use," and adding to the copy notes appended thereto, payable to the order of the firm. their blank endorsement of the same. Such an amendment would make new parties and a new cause of action. Code, §3480.

(a) Directions are given that the judgment awarded against the surety be set aside; that the bill sued out at his instance to enjoin the

judgment be then dismissed at the cost of the defendants other than the sheriff; that the verdict found against the other defendant be set aside; and that a new trial be granted to both defendants.

Judgment reversed.

Salem Dutcher, for plaintiffs in error.

Tutt & Lockhart, for defendants.